UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**MICHAEL MCGLONE**,
on behalf of himself and others similarly situated,

          Plaintiff,

v.

**CONTRACT CALLERS INC**.,
**MICHAEL MAGUIRE**, an individual, and
**WILLIAM "TIM" WERTZ**, an individual,

          Defendants.

Case No. 1:11-cv-03004-RWS

---

# MEMORANDUM OF LAW
# IN SUPPORT OF
# PLAINTIFF'S MOTION TO STRIKE

**Penn U. Dodson (PD 2244)**
ANDERSONDODSON, P.C.
*penn@sunnysidelaw.com*
11 Broadway
Suite 615
New York, NY  10004
212.961.7639 tel
646.998.8051 fax

Attorney for Plaintiffs

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.SunnySideLaw.com

*Addison, et al v. Reitman Blacktop et al*
Case no. 1:10-CV-1435

Motion for Atty Fees
Page 1

I. **INTRODUCTION**

Plaintiffs respectfully move this court, pursuant to Fed. R.Civ.P.37, to respond to Defendants' total failure to respond to Plaintiff's Requests for Production and Interrogatories, in such ways as are authorized by law and deemed appropriate by this Court under the circumstances, including default judgment and an award attorneys fees pursuant to Fed. R.Civ.P.37(d).

II. **ARGUMENT**

   A.  **Applicable Law**

The Federal Rules of Civil Procedure provide that where "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response" (FRCP 37(d)(1)(A)(ii)):

> (3) Types of Sanctions. Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).
> > [(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> > (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> > (iii) striking pleadings in whole or in part;
> > (iv) staying further proceedings until the order is obeyed;]
> Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.
> FRCP 37(d)(3).

The FRCP 37(d) procedure is distinct and different from FRCP 37(a) regarding the filing of a motion to compel generally, which, if granted and not obeyed, can subsequently lead to sanctions under FRCP 37(b).  A Rule 37(a) motion to compel contemplates a situation in which

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.SunnySideLaw.com

*Addison, et al v. Reitman Blacktop et al*
Case no. 1:10-CV-1435

Motion for Atty Fees
Page 2

some, but not complete information, has been provided.  By contrast, a *total* failure to respond to a discovery request subjects a party to *immediate* sanctions.  "[T]he reference in [Rule 37's] subsection (d) to a failure to respond to interrogatories does not cover the submission of some but not all answers, or the submission of all answers, some of which are inadequate. Rather, it contemplates only a serious or total failure to respond." *Maritime Ventures Int'l, Inc. v. Caribbean Trading & Fidelity, Ltd.*, 689 F. Supp. 1340, 1358 (S.D.N.Y. 1988); *Flaks v. Koegel*, 504 F.2d 702, 705 n.2 (2d Cir. 1974).  See *Dixon v. R.J. Photomania, Inc.*, 2011 U.S. Dist. LEXIS 29938 (E.D.N.Y. 2011) (directing that if full and complete responses were not received by date certain he would adopt the magistrate judge's recommendation to strike the Answer and enter a default and also issuing fees and costs, as a penalty for similar failure to respond to discovery requests); *Buffalo Laborers Welfare Fund v. Elliott*, 2008 U.S. Dist. LEXIS 25610, 3-7 (W.D.N.Y. 2008) (ordering default judgment where there was a failure to respond).

### B. Appropriate Sanctions Are Warranted.

Defendants have not responded to any of Plaintiff's discovery requests, nor requested an extension of time to respond. This neglect is inexcusable.  Defendants cannot claim that they were unaware of the requests, as they acknowledged receipt, nor can they claim the subject matter requires novel work.  During the same time period in which these discovery requests were outstanding, the same lawyers for the same Defendants did respond to discovery requests issued to a companion FLSA case raised in defendants' counsel's home state of Missouri largely seeking similar information, *Evans v. Contract Callers, Inc.*, No. 4:10-cv-02358-FRB (E.D. Mo.), Dkt. 49, Ex. D (Defendant Contract Caller, Inc.'s Response to Plaintiff's First Set of Interrogatories),

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.SunnySideLaw.com

*Addison, et al v. Reitman Blacktop et al*
Case no. 1:10-CV-1435

Motion for Atty Fees
Page 3

Ex. E (Defendant Contract Caller, Inc.'s Response to Plaintiff's Second Set of Interrogatories), Ex. K-L (documents produced and Bates stamped by the defendants).

After the expiration of the time to respond to Plaintiff's discovery requests, and for an extended amount of time thereafter, Plaintiff's counsel has made a good faith effort to confer with counsel for Defendants. Nevertheless, Defendants have willfully failed to comply with FRCP 37. Defendants' lack of cooperation with the discovery process has caused undue delay, which is unfair to the Plaintiffs asserting their rights.

Because Defendants have totally failed to respond to Plaintiff's discovery requests, the provisions of FRCP 37(d) apply. Therefore, the following sanctions are appropriate: striking Defendants' Answer, entering default, ordering that Defendants not be allowed to oppose Plaintiff's claims, and/or accepting the allegations in Plaintiff's complaint to be true.

Further, Rule 37(d) says that in addition to or instead of these remedies, "the court *must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure" (emphasis added). Should this Court find that fees are appropriate, Plaintiff requests a schedule within which to submit appropriate filings (attorney affidavit and contemporaneous time logs).

### III. CONCLUSION

Based on the forgoing, Plaintiff asks that this Court respond to the Defendants' failures as appropriate in line with that which is offered under FRCP 37. Specifically, Plaintiff asks for default and award of attorneys' fees and costs.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.SunnySideLaw.com

*Addison, et al v. Reitman Blacktop et al*
Case no. 1:10-CV-1435

Motion for Atty Fees
Page 4

Respectfully submitted, this **17th** day of **December, 2012.**

ANDERSONDODSON, P.C.

*signature: Penn Dodson*

**Penn U. Dodson (PD 2244)**
*penn@sunnysidelaw.com*
Attorney for Plaintiffs

11 Broadway
Suite 615
New York, NY  10004
212.961.7639 tel
646.998.8051 fax

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.SunnySideLaw.com

*Addison, et al v. Reitman Blacktop et al*
Case no. 1:10-CV-1435

Motion for Atty Fees
Page 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MICHAEL MCGLONE,**<br>on behalf of himself and others similarly situated**,**<br><br>Plaintiff,<br><br>v.<br><br>**CONTRACT CALLERS INC**.,<br>**MICHAEL MAGUIRE**, an individual, and<br>**WILLIAM "TIM" WERTZ**, an individual,<br><br>Defendants. | Case No. 1:11-cv-03004-RWS |

## DECLARATION OF PENN DODSON, ESQ.

1. I am at least 18 years old, am competent to write this declaration, and am giving this declaration on the basis of personal knowledge of facts and circumstances stated herein.

2. I represent the Plaintiffs in the above-captioned action and have been responsible for its management throughout the duration of litigation.  By virtue of this I am familiar with the time I have personally devoted to it and have directed subordinates to expend on it.

3. I propounded Interrogatories and Requests for Production to the Defendants over one year ago.  (Ex. A, B).  These documents are dated November 30, 2011.  Each contains a Certificate of Service also dated November 30, 2011, certifying that they had been sent by US Mail on that date.  I have no knowledge or reason to think that they were not in fact sent on that date and believe that they were sent then.

4. The discovery requests, propounded prior to any certification motions having been filed, seek information pertaining to both the named Plaintiff himself and the putative class he, at that time, was merely seeking to represent.  Subsequently this Court did in fact grant conditional certification of the FLSA collective as to New York, but not nationwide, employees of a certain category.

5. Therefore, though they never asked or said so, early on it would have been reasonable for the defendants to have wanted to see what the scope of the class was going to be before providing discovery responses.  However, after the scope of the size had been determined, I followed up with them as to their responses.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.SunnySideLaw.com

*Addison, et al v. Reitman Blacktop et al*
Case no. 1:10-CV-1435

Motion for Atty Fees
Page 2

6. On July 2, 2012 I emailed all three counsel of record for the defendants asking about their discovery responses. (Ex. C, emails). On July 16 one of the defense attorneys left me a voicemail saying that he did not have the requests. I emailed them to him the same day. (*Id*.) He responded "Thank you," acknowledging receipt. (*Id*.) On July 19 and 23 I emailed again requesting the status. (*Id*.)

7. On July 25, 2012 I faxed this Court a letter seeking an informal conference regarding defendants' non-response. (Ex. D)

8. On September 10, 2012 I sent defense counsel a follow up email noting that I still had not received discovery responses. (Ex. C)

9. The Court ordered the parties to come up with a proposed discovery plan. The parties could not agree on all points and submitted two versions for the Court's review. The Discovery Plan adopted by the Court at (iii) required "The Defendants shall also respond to the written discovery requests previously propounded by Plaintiffs dated November, 2011 by November 2, 2012."

10. Because of Hurricane Sandy, the order was not posted to ECF until November 7, 2012. Upon receipt, I emailed opposing counsel asking when I could expect to receive the responses. (Ex. C) Counsel responded on November 12, 2012 that "Your interrogatories and request for production of documents have been forwarded to our client for response. Given the volume of documents you have requested I would anticipate that response will take at least 2 weeks." (*Id*.)

11. On December 3, 2012, after the expiration of the two week period with still no documents received, I faxed this Court again requesting intervention. (Ex. D).

12. At no time have defendants sought an extension within which to respond to the discovery requests.

13. At no time have defendants responded to the discovery requests.

I solemnly declare that the foregoing is true and correct to the best of my knowledge, under penalty of perjury.

Dated this **17th** day of **December, 2012.**

**Penn U. Dodson**
Attorney for Plaintiffs

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.SunnySideLaw.com

*Addison, et al v. Reitman Blacktop et al*
Case no. 1:10-CV-1435

Motion for Atty Fees
Page 3