UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
MICHAEL MCGLONE

              Plaintiff,

- against -

CONTRACT CALLERS, INC., et al.,

              Defendants
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Case No. 1:11-CV-03004-JSR

# DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS'FEES AND COSTS

## TABLE OF CONTENTS

| | |
|---|---|
| Table of Authority | 3 |
| Introduction | 6 |
| Argument | |
|     Attorney Fees Standard | 6 |
|     Reasonable Hourly Rate | 8 |
|     Reasonable Hours | 12 |
|     Reasonable Costs | 15 |
| Conclusion | 16 |

## TABLE OF AUTHORITY

| CASE | PAGES |
|---|---|
| *Adorno v Port of New York and New Jersey*, 685 F. Supp. 2d 507 (S.D.N.Y. 2010) | 7, 8 |
| *Aguilera v. Cookie Panache ex rel. Between the Bread, Ltd.*, 2014 U.S. Dist. LEXIS 69716 (S.D.N.Y. May 20, 2014) | 11 |
| *Allende v. Unitech Design, Inc.*, 783 F.Supp.2d 509 (S.D.N.Y. 2011) | 13 |
| *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110 (2d Cir. 2008) | 7 |
| *Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d 132 (2d Cir. 2008) | 14 |
| *Blanchard v. Bergeron*, 489 U.S. 87 (1989) | 7 |
| *Bliven v. Hunt*, 579 F.3d 204 (2d Cir. 2009) | 12 |
| *Castellanos v. Deli Casagrande Corp.*, 2013 U.S. Dist. LEXIS 45858 (E.D.N.Y. Mar. 7, 2013) | 10 |
| *Castellanos v. Mid Bronx Cmty. Hous. Mgmt. Corp.*, 2014 U.S. Dist. LEXIS 79037 (S.D.N.Y. June 10, 2014) | 11 |
| *Cesario v BNI Construction, Inc.*, 2008 U.S. Dist. LEXIS 103155 (S.D.N.Y. 2008) | 8, 12 |
| *Farbotko v. Clinton County*, 433 F.3d 204 (2d Cir. N.Y. 2005) | 8 |
| *Gurung v. Malhotra*, 851 F. Supp. 2d 583 (S.D.N.Y. 2012) | 11 |
| *Hensley v. Eckerhart*, 461 U.S. 424 (1983) | 6, 7, 12, 13 |
| *Hines v. City of Albany*, 2015 U.S. App. LEXIS 9201 (2d Cir. N.Y. June 3, 2015) | 14, 15 |

*Ibarra v. HSCS Corp.*,
    2012 U.S. Dist. LEXIS 130118 (S.D.N.Y. Sept. 10, 2012) ............................................. 10

*Jara v. P.N. Fin., Inc.*,
    2014 U.S. Dist. LEXIS 127944 (S.D.N.Y. Sept. 4, 2014) ............................................... 8

*Jimenez v. KLB Foods, Inc.*,
    2015 U.S. Dist. LEXIS 84370 (S.D.N.Y. June 29, 2015) ............................................. 12

*Johnson v. Ga. Highway Express, Inc.*,
    488 F.2d 714 (5th Cir. 1974) ....................................................................................... 7, 8

*Kadden v. VisuaLex, LLC*,
    2012 U.S. Dist. LEXIS 173922 (S.D.N.Y. Dec. 6, 2012) ........................................... 9, 11

*Kahlil v. Original Old Homestead Rest., Inc.*,
    657 F. Supp. 2d 470 (S.D.N.Y. 2009) ................................................................. 8, 9, 15

*Lane Crawford LLC v. Kelex Trading (CA) Inc.*,
    2013 U.S. Dist. LEXIS 170239 (S.D.N.Y. Dec. 3, 2013) ............................................. 12

*Liang Huo v. Go Sushi Go 9th Ave.*,
    2014 U.S. Dist. LEXIS 51621 (S.D.N.Y. Apr. 10, 2014) ............................................... 8

*Louis Vuitton Malletier S.A. v. LY USA, Inc.*,
    676 F.3d 83 (2d Cir. 2012) ........................................................................................... 12

*Luciano v. Olsten Corp.*,
    109 F.3d 111 (2d Cir. 1997) ......................................................................................... 14

*Milea v. Metro-North R. Co.*,
    658 F.3d 154 (2d Cir. 2011) ........................................................................................... 7

*Perdue v. Kenny A. ex rel. Winn*,
    559 U.S. 542 (2010) ........................................................................................................ 7

*Tackie v. Keff Enterprises LLC*,
    2014 U.S. Dist. LEXIS 130148 (S.D.N.Y. Sept. 16, 2014) ........................................... 11

*Tlacoapa v. Carregal*,
    386 F. Supp. 2d 362 (S.D.N.Y. 2005) .......................................................................... 10

*Watkins v. Smith*,
    2015 U.S. Dist. LEXIS 13964 (S.D.N.Y. Feb. 5, 2015) ............................................... 11

*Wong v. Hunda Glass Corp.*,
    2010 U.S. Dist. LEXIS 90736 (S.D.N.Y. Sept. 1, 2010) .............................................. 10

***Yea Kim v. 167 Nail Plaza, Inc.,***
    2009 U.S. Dist. LEXIS 1992, (S.D.N.Y. Jan. 12, 2009)        10

***Yuquilema v. Manhattan's Hero Corp.,***
    2014 U.S. Dist. LEXIS 120422 (S.D.N.Y. Aug. 26, 2014)        11


## *COURT RULES*

S.E.D. N.Y. CIV. R. 54.1(c)(1)        15

S.E.D. N.Y. CIV. R. 54.1(c)(3)        16

S.E.D. N.Y. CIV. R. 54.1(c)(6)        16

## INTRODUCTION

Plaintiffs have moved for an award of $524,673.49 in attorneys' fees and $14,412.30 in costs. Defendants submit that the Court should adjust the amount of attorneys' fees requested by (1) reducing the allowable hours by 50%, and (2) reducing the hourly rate of Plaintiffs' attorneys Rishi Bhandari to $325.00 per hour, Penn Dodson to $375.00 per hour, Donald Conklin to $275.00 per hour, and Robert Glunt to $250.00 per hour. Defendants further submit that the Court should reduce the amount of costs requested by $8,821.22.

On June 12, 2015 this Court entered its Judgment (Dkt. 158) on the jury verdict returned June 3, 2015, in Plaintiffs' claim brought pursuant to the Fair Labor Standards Act (FLSA) and New York Labor Laws (NYLL). The Court entered the Amended Judgment on June 23, 2015. (Dkt. 159) (The total amount of the judgment entered for the 17 Plaintiffs was $761,214.22 including "gap time", unpaid overtime, liquidated damages and pre judgment interest.

## ATTORNEY FEES STANDARD

Under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The New York Labor Law also provides that a successful plaintiff may recover attorneys' fees and costs. N.Y. Labor L. §§ 198, 663(1). The Court has discretion in determining the amount of a fee award. See **Hensley v. Eckerhart**, 461 U.S. 424, 437 (1983).

The Supreme Court has stressed that the proper way to calculate an award is to first calculate the "presumptively reasonable fee," sometimes referred to as the loadstar, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." ***Milea v. Metro-North R.Co.,*** 658 F.3d 154, 166 (2d Cir. 2011), citing ***Perdue v. Kenny A. ex rel Winn***, 559 U.S. 542 (2010).

Under the modern analysis, to determine the presumptively reasonable fee, the Court should look to the 12 factors enumerated in ***Johnson v. Ga. Highway Express, Inc.***, 488 F.2d 714, 717-19 (5th Cir. 1974), abrogated on other grounds by ***Blanchard v. Bergeron,*** 489 U.S. 87, 92-93, 96 (1989) and try to determine what a "paying client would be willing to pay," which should be "the minimum necessary to litigate the case effectively." ***Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,*** 493 F.3d 110, 117 (2d Cir. 2008) citing ***Hensley v. Eckerhart,*** 461 U.S. 424, 429-30, (1983).

Calculation of reasonable attorneys' fees is therefore a four step process in which the Court must (1) determine the reasonable hourly rate; (2) determine the number of hours reasonably expended; (3) multiply the two to calculate the "presumptively reasonable fee"; and (4) make appropriate adjustments to arrive at the final fee award. ***Adorno v Port of New York and New Jersey***, 685 F.Supp. 2d 507, 511 (S.D.N.Y. 2010)

The 12 factors enumerated in ***Johnson v. Ga. Highway Express, Inc.***, 488 F.2d 714 (5th Cir. 1974), are:

> 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client

or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; 12) awards in similar cases. *Johnson,* 488 F.2d at 717-19.

## REASONABLE HOURLY RATE

The fee applicant bears the burden of establishing the reasonableness of the hourly rates requested. *Cesario v BNI Construction, Inc.,* 2008 U.S. Dist. LEXIS 103155 at 24 (S.D.N.Y. 2008), adopted by, j. entered, 2009 U.S. Dist. LEXIS 12888 (S.D.N.Y. Feb. 19, 2009). In setting the "reasonable hourly rate" the Court is to consider the traditional factors enumerated in *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974) *Adorno v Port of New York and New Jersey* at 511.; *Kahlil v. Original Old Homestead Rest., Inc.,* 657 F. Supp. 2d 470, 475 (S.D.N.Y. 2009). Further, a court may determine the "reasonable hourly rate" by relying on its own knowledge of comparable rates as well as the evidence offered by the movant. *Farbotko v. Clinton County,* 433 F.3d 204, 209 (2d Cir. N.Y. 2005); *Adorno v Port of New York and New Jersey* 685 F.Supp. 2d at 511; *Liang Huo v. Go Sushi Go 9th Ave.,* 2014 U.S. Dist. LEXIS 51621 at *20-21 (S.D.N.Y. Apr. 10, 2014). In determining reasonable hourly rates, a court should first examine the attorneys' experience. *Jara v. P.N. Fin., Inc.,* 2014 U.S. Dist. LEXIS 127944 (S.D.N.Y. Sept. 4, 2014); *Kahlil v. Original Old Homestead Rest., Inc.,* 657 F. Supp. 2d 470 (S.D.N.Y. 2009).

Here Plaintiffs' attorneys are requesting hourly rates of $500.00 per hour for Messers. Bhandari, Glunt and Conklin while Ms. Dodson is requesting fees based upon

an hourly rate of $400.00 per hour. Defendants argue that the requested hourly rates are not reasonable in this matter.[1]

As detailed in Mr. Bhandari's Declaration (Dkt.162) Mr. Bhandari graduated from law school and has been in practice since 2002, (approximately 13 years); Mr. Glunt graduated law school in 2008 and has been a member of the New York Bar since 2009, (approximately 6 years); Mr. Conklin graduate law school in 2006 and has been a member of the New York Bar since 2007, (approximately 8 years). All three are members of the firm of Mandel Bhandari LLP, a "litigation boutique". (Dkt. 162 ¶6.) Every lawyer at Mandel Bhandari is billed at the same rate, in this case $500.00 per hour, regardless of seniority or experience. (Dkt. 162 ¶6.) The attorneys of Mandel Bhandari have attached Exhibit B (Dkt. 162-2) and Exhibit C (Dkt. 162-3) to bolster the claimed reasonableness of their requested rate of $500.00. While these two exhibits demonstrate that several clients have engage Mandel Bhandari and have been billed at the rate of $500.00 per hour none of Mandel Bhandari's exhibits demonstrate that this rate was obtained for FLSA and/or NYLL work.

As Mr. Bhandari's own Declaration demonstrates he Mr. Glunt and Mr. Conklin are general trial attorneys (a noble profession) but not attorneys with a focus on labor and employment law and litigation. (Dkt. 162 ¶¶ 11, 14, 15, 16, 20, and 23.)

Ms. Dodson has been licensed to practice law since 2003 in Georgia and 2099 in New York. (Dkt. 163 ¶3.) Prior to starting her own firm Ms. Dodson was a "junior

---

[1] Courts in the Southern District of New York have also held that fee awards to small firms should be adjusted downwards, because such firms do not incur the same overhead costs that burden a large law firm. **Kahlil v. Original Old Homestead Rest., Inc.**, 657 F. Supp. 2d 470, 476 (S.D.N.Y. 2009); **Kadden v. VisuaLex, LLC**, 2012 U.S. Dist. LEXIS 173922 at * 7n. 23 (S.D.N.Y. Dec. 6, 2012).

partner" at the firm of Goldberg & Dohan. (Dkt. 162 ¶10.) Ms. Dodson is correct that courts have approved her fees at an hourly rate of $375 and $400, however these awards were default judgments in labor cases and not contested. (Dkt. 162 ¶¶ 12 and 13.) Ms. Dodson's claim that this Court awarded her fees amounting to $400.00 per hour is a misnomer as the court awarded Ms. Dodson 33% of a class settlement amount under the "percentage of recovery" method. Further, while Ms. Dodson has litigation experience she cites no prior jury trial experience to justify her claimed rate of $400.00 per hour.

FLSA and NYLL are both straightforward statutes. **Castellanos v. Deli Casagrande Corp.,** 2013 U.S. Dist. LEXIS 45858, at *30 (E.D.N.Y. Mar. 7, 2013) (internal quotation omitted). Thus, attorneys in FLSA cases typically do not command hourly rates of $300 or more unless they have significant litigation experience. **Yea Kim v. 167 Nail Plaza, Inc.,** 2008 U.S. Dist. LEXIS 111900, at *18 (S.D.N.Y. Jan. 12, 2008), (range for "'seasoned' [FLSA] litigators would be $254-381 today. Junior attorneys have been awarded far less.") (citing **Tlacoapa v. Carregal**, 386 F. Supp. 2d 362, 370 (S.D.N.Y. 2005) (awarding $125 hourly rate for junior attorney on FLSA case)); **Wong v. Hunda Glass Corp.**, 2010 U.S. Dist. LEXIS 90736, at *8 (S.D.N.Y. Sept. 1, 2010) (rate of $250 to $350 per hour was appropriate for attorneys with ten years of experience litigating FLSA cases).

The rates requested by Plaintiffs' attorneys exceed what has been approved in this district, within the last few years, for lawyers of similar experience in wage-and-hour litigation. See, e.g., **Ibarra v. HSCS Corp.**, 2012 U.S. Dist. LEXIS 130118, at *8-9 (S.D.N.Y. Sept. 10, 2012) (finding rate of $350 per hour to be reasonable for an

***experienced employment law litigator*** in wage case) (emphasis added); ***Gurung v. Malhotra***, 851 F. Supp. 2d 583, 597 (S.D.N.Y. 2012) ("Courts in this district have determined in recent cases that the range of appropriate fees for experienced civil rights and employment law litigators is between $250 and $450" per hour (citations omitted)); ***Kadden v. VisuaLex, LLC***, 2012 U.S. Dist. LEXIS 173922, at *6 (S.D.N.Y. Dec. 6, 2012) (finding rate of $375 per hour to be reasonable for a "well-respected solo practitioner with approximately *twenty-five years of legal experience with a focus on labor* and employment law and litigation")(emphasis added); ***Tackie v. Keff Enterprises LLC***, 2014 U.S. Dist. LEXIS 130148, at *15-16 (S.D.N.Y. Sept. 16, 2014) (approving of requested rate of $400 for Ms. Dodson in a default judgment FLSA matter); ***Castellanos v. Mid Bronx Cmty. Hous. Mgmt. Corp.***, 2014 U.S. Dist. LEXIS 79037, at *18-19 (S.D.N.Y. June 10, 2014) (approving of requested rate of $350 per hour for "50% shareholder" of firm who had practiced law "for several decades"), *adopted by, j. entered,* 2014 U.S. Dist. LEXIS 79869 (S.D.N.Y. June 9, 2014); ***Aguilera v. Cookie Panache ex rel. Between the Bread, Ltd.***, 2014 U.S. Dist. LEXIS 69716, at *9 (S.D.N.Y. May 20, 2014) (awarding fees at the rate of $300 for a partner and $200 for counsel in FLSA action, based on "the prevailing rates in this district for employment law cases"); ***Yuquilema v. Manhattan's Hero Corp.***, 2014 U.S. Dist. LEXIS 120422, at *39-40 (S.D.N.Y. Aug. 26, 2014) (reducing rate of attorney with over thirty years of experience who specializes in employment matters to $425/hour, and reducing rate of associate with about ten years of experience to $300/hour), *adopted by, j. entered,* 2014 U.S. Dist. LEXIS 89994 (S.D.N.Y. June 25, 2013); ***Watkins v. Smith,*** 2015 U.S. Dist. LEXIS 13964, at *7 (S.D.N.Y. Feb. 5, 2015) (In the Southern District of New York, fee

rates for experienced attorneys in small firms generally range from $250 to $450 in civil cases); **Jimenez v. KLB Foods, Inc.**, 2015 U.S. Dist. LEXIS 84370, at *5-6 (S.D.N.Y. June 29, 2015) (Finding the rate of $350/hour is reasonable for a partner in FLSA litigation.)

## REASONABLE HOURS

The second step in determining "presumptively reasonable fee," is to determine the number of hours reasonably expended. In determining whether the amount of hours billed is reasonable "the court takes account of claimed hours that it views as 'excessive, redundant, or otherwise unnecessary.'" **Bliven v. Hunt,** 579 F.3d 204, 213 (2d Cir. 2009) (quoting **Hensley v. Eckerhart**, 461 U.S. 424, 434, (1983)). "In so doing, 'the district court does not play the role of an uninformed arbiter but may look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties.'" **Bliven v. Hunt**, 579 F.3d at 213. "The critical inquiry is 'whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" **Cesario v. BNI Constr., Inc.,** 2008 U.S. Dist. LEXIS 103155, at *19-20 (S.D.N.Y. Dec. 15, 2008); **Lane Crawford LLC v. Kelex Trading (CA) Inc.**, 2013 U.S. Dist. LEXIS 170239, at *38-39 (S.D.N.Y. Dec. 3, 2013). Put another way, a Court should "look[s] to the amount of time spent as reflected in contemporaneous time records, and then decides how much of that time was 'reasonably expended.' If the district court finds that some of the time was not reasonably necessary to the outcome of the litigation, it should reduce the time for which compensation is awarded accordingly." **Louis Vuitton Malletier S.A. v. LY USA, Inc.,** 676 F.3d 83, 111 (2d Cir. 2012) (citation omitted)).

The firm Mandel Bhandari LLP indicates its three lawyers spent a total of 838.50 hours on this matter, including hours dedicated to the fee petition. All of Mandel Bhandari's hours are billed at the rate of $500.00 per hour. (Dkt. 162 PP 2-11). Ms. Dodson on indicates she worked approximately 202 hours on the case at $400.00 per hour, 43 hours at $375.00 hour, and additional hours at various reduced hourly rates. (Dkt. 163 PP 1-10.) In total, Plaintiffs' counsel claim approximately 1100 hours in prosecuting this case.

Many of the Mandle Bhandari time entries describe work generally performed by lower level associates of a firm, not those billing at $500.00 per hour. *See e.g.,* 10/3/2014 "review case docket, review SJ filings"; 10/20/14 "prepare deposition digests"; 10/29/14 "draft deposition digests, confer with team; prep same"; 11/24/14 "review discovery , deposition transcripts" Further, the Mandle Bhandari time records include instances of over staffing. *See e.g* 5/16/15 where each member of the "team" s billed an undisclosed amount for a team meeting. Regardless of ill intent, "[c]ases may be overstaffed, and the skill and experience of lawyers vary widely." *Hensley*, 461 U.S. at 434. The burden therefore rests on the Plaintiffs to prove their attorneys' relevant hours expended and the reasonableness of the claimed fee. *See* **Allende v. Unitech Design, Inc.**, 783 F.Supp.2d 509, 512 (S.D.N.Y. 2011) ("As the fee applicant, Plaintiffs bear the burden of documenting the hours reasonably spent by counsel, and the reasonableness of the hourly rates claimed."). Accordingly, it is up to the plaintiff's counsel to exclude "hours that are excessive, redundant, or otherwise unnecessary." **Hensley**, 461 U.S. at 434

When reviewing a fee application, a district court should "examine the hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case," and if it "concludes that any expenditure of time was unreasonable, it should exclude these hours" from the fee calculation. ***Hines v. City of Albany,*** 2015 U.S. App. LEXIS 9201, at *5 (2d Cir. N.Y. June 3, 2015) citing ***Luciano v. Olsten Corp.,*** 109 F.3d 111, 116 (2d Cir. 1997).

Plaintiffs' counsel argue that their fees are reasonable in light of "the high degree of success" achieved in this matter. Plaintiffs clearly "prevailed" on their claim by obtaining a total judgment of $761,214.22. It should be noted however, that the judgment obtained is considerably less than the damages submitted to the Court in Plaintiffs' pretrial filing indicating Plaintiffs' belief that they would prove damages exceeding $2,600,000.00. (Dkt.121-1 P 2.)

The Court's injury should not end with the jury verdict returned. Many of Ms. Dodson's early time records describe activity only tangentially related to this case. They include meetings with other lawyers regarding another case against Contract Callers, Inc., (5/19/11) and drafting deposition questions for lawyer Pollack's use in his case against CCI (5/19/11). Further many of Ms. Dodson's time entries concern what appear to be her attempts to certify this matter as a nationwide collective action, which efforts were unsuccessful. Both "the quantity and quality of relief obtained," as compared to what the plaintiff sought to achieve as evidenced in her complaint, are key factors in determining the degree of success achieved. ***Barfield v. N.Y. City Health & Hosps. Corp.,*** 537 F.3d 132, 152 (2d Cir. 2008) Plaintiff sought nationwide certification. However, the Court limited certification to a group 37 of plumbers working in the

Queens, New York facility. Lastly, any number of Ms. Dodson's time entries relate to the unsuccessful attempt to add an additional Plaintiff on the eve of trial. (Dkt.130.)

If time claims are exorbitant or in dealing with items that are "excessive, redundant, or otherwise unnecessary, . . . the [district] court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." **Hines v. City of Albany**, 2015 U.S. App. LEXIS 9201, at *5 (2d Cir. June 3, 2015) and the court should reduce the Plaintiffs' requested hours by fifty percent(50%).

## REASONABLE COSTS

Fee awards may include *reasonable* out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients. **Kahlil v. Original Old Homestead Rest., Inc.**, 657 F. Supp. 2d 470 (S.D.N.Y. 2009)(emphasis added.) Here, Mandel Bhandari request $601.29 for daily trial transcript fees. Daily transcript fee are recoverable if "necessarily obtained for use in this Court". "Convenience of counsel is not sufficient." S.E.D. N.Y. CIV. R. 54.1 (c)(1). This request should be denied as there is no evidence put forth by Mandel Bhandari that the daily transcript was obtained for use at trial.

Mandel Bhandari request duplicating costs totaling $4,155.19 with no further detail as to the number of pages, documents duplicated, or cost per page such that the court cannot make a determination of reasonableness of the charges. As such, those costs should not be allowed.

Mandle Bhandari also request costs of $3,345.00 for a "damages analysis". A damages analysis is not taxable costs. S.E.D. N.Y. CIV. R. 54.1 (c)(6); moreover the costs are excessive, and is not well documented and should be denied.

Ms. Dodson seeks costs of $719.74 or two Plaintiffs to travel to New York to attend their trial. These costs should be denied, because "[n]o party to the action may receive witness fees, travel expenses, or subsistence." S.E.D. N.Y. CIV. R. 54.1(c)(3).

## CONCLUSION

The Court should reduce Plaintiffs' requested attorneys' fees by reducing the allowable hours by 50%, and reducing the hourly rates of Plaintiffs' attorneys Rishi Bhandari to $325.00 per hour, Penn Dodson to $375.00 per hour, Donald Conklin to $275.00 per hour and Robert Glunt to $250.00 hour. The Court should also reduce Plaintiffs' requested taxable costs by $8,821.22.

| s/ Ira L. Blank | s/ Lawrence Wittels |
|---|---|
| Ira L. Blank, admitted pro hac vice<br>8151 Clayton Road, Suite 201<br>St. Louis, MO 63117<br>(314) 282-8735<br>(314) 726-2042 Facsimile<br>iblank@theenterpriselawgroup.com | Lawrence Wittels, admitted pro hac vice<br>8151 Clayton Road, Suite 201<br>St. Louis, MO 63117<br>(314) 282-8730<br>(314) 726-2042 Facsimile<br>lwittels@theenterpriselawgroup.com |