


June 8, 2015

*Docket as Defts letter brief*

Honorable Jed S. Rakoff
United States District Judge
USDC SDNY
500 Pearl Street, Rm 1340
New York, NY 10007-1312

      RE:   McGlone vs. Contract callers, Inc. et al.
             1:11-cv-03004

Your Honor:

Defendants have several objections to Plaintiffs Calculations of Damages as submitted to the Court. We have attached our own calculation of damages and detail our objections below.

1. **Defendants object to Plaintiffs' calculation of days worked.**

Attached please find our edits to Plaintiffs "hours worked" spreadsheets. Our edits are highlighted and detail what we believe are credits for days/hours worked, when in fact a specific plaintiff did not actually work on that given date. We have reviewed the Certified Payroll and compared the same to the Sign-In sheets and believe that Plaintiffs' attorney have credited Plaintiffs' with days worked when the evidence demonstrates that they took a sick day, vacation day, holiday, weather day, or merely just didn't sign in. As we indicated throughout the trial, a day paid is not always the equivalent of a day worked.

2. **Defendants object to Plaintiffs' calculation of "Unpaid NYLL Regular Wages" at the *prevailing wage rate,* because Plaintiffs neither exhausted administrative remedies under N.Y. Lab. Law ("NYLL") § 220 nor brought or proved their claims as third-party beneficiaries of a prevailing-wage contract.**

The Amended Complaint purports to assert a claim under the New York Minimum Wage Act, NYLL, Art. 19, §§ 650 *et seq.,* for unpaid wages. However, Plaintiffs' damage

papers reveal that the unpaid wages claim is, in fact, based on the prevailing wage provision set forth in Article 8 of the NYLL, NYLL § 220, and that Plaintiffs are asserting that their straight-time compensation for the work performed on NYC Department of Environmental Protection Contract # BCS-AMIQNW, *Plts' Ex. 127*, was premised on the prevailing minimum wage under NYLL § 220. Because Plaintiffs seek recovery of wages at the rates set forth under NYLL § 220, the Court must construe the Amended Complaint as alleging a violation of that provision, not NYLL § 650 *et seq.*, as pled. ***Ethelberth v. Choice Sec. Co.***, 2015 U.S. Dist. LEXIS 24441, *39-40 (E.D.N.Y. Feb. 27, 2015)("Because ***Ethelberth*** seeks recovery of wages at the rates set forth under NYLL § 220, the Court construes Count Two as alleging a violation of that provision, not NYLL § 190 *et seq.*, as pled."); *see* ***Jara v. Strong Steel Door, Inc.***, 20 Misc. 3d 1135(A), 872 N.Y.S.2d 691, 2008 N.Y. Misc. LEXIS 4771, at *35-36 (Sup. Ct., Kings Cty. Aug. 15, 2008)("Labor Law § 220 is the appropriate statutory provision applicable to plaintiffs' claims regarding prevailing wages."), *aff'd on other grounds*, 58 A.D.3d 600, 871 N.Y.S.2d 363 (2009).

A claim to recover unpaid prevailing rate wages must be brought either (a) under NYLL § 220, which requires exhaustion of administrative remedies prior to pursuing a private right of action under the NYLL, or (b) as a common-law claim of third-party beneficiary to a public contract. ***Ethelberth,*** 2015 U.S. Dist. LEXIS 24441, at *50 n. 23, and 52-53 (and cases cited therein). Here, because Plaintiffs failed to either pursue the administrative process or assert -- much less prove -- a breach of contract claim as third-party beneficiaries, they have no recourse as to their claim for unpaid prevailing rate wages under New York law. ***Ethelberth,*** 2015 U.S. Dist. LEXIS 24441, at *54 n. 25 ("[B]ecause Ethelberth failed to either pursue the administrative process or assert a breach of contract claim as a third-party beneficiary, he is left without recourse as to his prevailing wage claim under New York law.")(and cases cited therein). Accordingly, Plaintiffs should not be awarded "Unpaid NYLL Regular Wages" at the prevailing wage rate. Rather, if Plaintiffs are to be awarded "Unpaid NYLL Regular Wages," it should be at the rate of $ 7.25 per hour, the minimum wage set by the New York Minimum Wage Act, NYLL Art. 19, § 652, which is the basis for the claim in the Amended Complaint.

We have included the $7.25 per hour rate in our spreadsheet to reflect what we believe the measure of damages is for this NYLL "GAP Time" claim (unpaid non-overtime hours).

### 3. Defendants object to Plaintiffs' calculation of "Unpaid regular hours at fed. Minimum wage as FLSA does not allow recovery of GAP time.

On each of Plaintiffs' "Resulting Hours" pages, Plaintiffs have included the sub category under "FLSA Liquidated Damages" of "regular hours at fed. minimum wage". This is a claim for hours worked below the 40-hour overtime threshold, commonly referred to as GAP time claim. The case law is clear; FLSA does not allow recovery for GAP time claims. ***Nakahata v. New York-Presbyterian Healthcare Sys.***, 723 F.3d 192 (2d Cir. N.Y. 2013). We have eliminated this category from Plaintiffs' Resulting hours spreadsheets thereby reducing the FLSA Damages category.

4. **Defendants object to Plaintiffs' calculation of "Unpaid FLSA Overtime Wages" at the *prevailing wage rate* plus *supplemental benefits*, because NYC Prevailing Wage Schedule defines "overtime" as "time and one half the regular rate."**

In this case Plaintiffs were paid an hourly wage rate along with an hourly supplemental benefits rate. (Attached hereto is a copy of the Office of the Comptroller, City of New York Prevailing Wage Schedule in effect July 1, 2010 through June 30, 2011) The supplemental benefits rate is in lieu of benefits for the employees.

5. **Defendants object to the awarding of liquidated damages under both the Fair Labor Standards Act and the New York Labor Law.**

"There is no appellate authority as to whether a plaintiff may recover cumulative (sometimes called 'simultaneous' or 'stacked') liquidated damages under the FLSA and NYLL, and the district courts in [the Second] Circuit are deeply divided," *Inclan v. N.Y. Hospitality Group, Inc.*, 2015 U.S. Dist. LEXIS 39342, at *31 (S.D.N.Y. Mar. 26, 2015). Some courts awarded cumulative liquidated damages based on a theory that FLSA liquidated damages and NYLL liquidated damages serve fundamentally different purposes; other courts declined to award cumulative liquidated damages, because the recent amendments to the NYLL have undermined the distinction between liquidated damages under the FLSA and liquidated damages under the NYLL. *Inclan,* 2015 U.S. Dist. LEXIS 39342, at *31-33; *Herrera v. Tri-State Kitchen and Bath, Inc.*, 2015 U.S. Dist. LEXIS 51809, at *30-31 (E.D.N.Y. Mar. 12, 2015), *adopted,* 2015 U.S. Dist. LEXIS 43819 (E.D.N.Y. Mar. 31, 2015). "[T]here is an emerging trend towards denying a cumulative recovery of liquidated damages, as the NYLL liquidated damages provision now closely parallels the FLSA provisions, because of the 2011 amendments, which increased liquidated damages from 25 percent to 100 percent and changed the standard of proof." *Herrera,* 2015 U.S. Dist. LEXIS 51809, at *31.[1] This Court should follow the emerging trend and the well-reasoned recent S.D.N.Y. opinion in *Inclan* and decline to award Plaintiffs cumulative liquidated damages under FLSA and NYLL.

The damages calculation we have provide does not stack the liquidated damages as Plaintiffs have requested.

We believe that the spreadsheet we have provided the court accurately and fairly determines Plaintiffs damages in line with the verdict rendered by the jury in this matter.

Respectfully submitted,

Lawrence Wittels          Ira L. Blank

cc:    Rishi Bhandari

---

[1] The Magistrate in *Herrera* found the reasoning of the courts that denied cumulative recovery of liquidated damages persuasive, but recommended awarding liquidated damages under both federal and state law for unpaid wages, but only because the plaintiffs' application was uncontested. 2015 U.S. Dist. LEXIS 51809, at *31.

*no double*

McGlone v CCI Frangiosa 0044

OFFICE OF THE COMPTROLLER, CITY OF NEW YORK
§220 PREVAILING WAGE SCHEDULE

PUBLISH DATE: 7/1/2010 EFFECTIVE PERIOD: JULY 1, 2010 THROUGH JUNE 30, 2011 Page 66 of 83

## PLUMBER (MECHNICAL EQUIPMENT AND SERVICE)
(Mechanical Equipment and Service work shall include any repair and/or replacement of the present plumbing system.)

Effective Period: 7/1/2010 - 6/30/2011
Wage Rate per Hour: **$31.76**
Supplemental Benefit Rate per Hour: **$14.45**
Supplemental Note: Effective October 1, 2010 - $0.50 to be allocated between the hourly wage and supplemental
benefit.

### Overtime
Time and one half the regular rate after an 8 hour day.
Time and one half the regular rate for Saturday.
Time and one half the regular rate for Sunday.

### Overtime Holidays
Time and one half the regular rate for work on the following holiday(s).
New Year's Day
President's Day
Memorial Day
Independence Day
Thanksgiving Day
Day after Thanksgiving
Christmas Day

### Paid Holidays
None